**In re Thomas James PEISKER, Karen Theresa Peisker, Debtors.**

**Robert D. ADAMS, Plaintiff,**

**v.**

**Thomas James PEISKER, and Karen Theresa Peisker, Defendants.**

**Bankruptcy No. 85–00506–NN.**
**Adv. No. APN 85–0176–NN.**

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

June 19, 1986.

John E. Robins, Jr., Hampton, Va., for plaintiff.

Ronald E. Bensten, Newport News, Va., for debtor/defendants.

### ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

At issue in this proceeding is the dischargeability of an unliquidated debt for a Ford pick-up owned by the plaintiff and acquired by the debtors through the plaintiff's spouse.

The evidence adduced at trial revealed that the 1975 Ford pick-up at the

heart of this dispute was indeed owned by the plaintiff, Robert D. Adams, and titled in his name. Witnesses recounted a turbulent relationship between the Adamses and it was learned that Mrs. Adams had for a time lived in the Peisker household during the worst of the marriage. Adams had a number of disabled vehicles, several of which the City had previously tagged as abandoned, parked in the street in front of their house and in the drive. Mrs. Adams initiated contact with Peisker when she telephoned over for help, telling him that she would have to go to court and could be fined if she did not remove at least some of the abandoned vehicles. According to her testimony, Mrs. Adams, then separated from her husband, attempted to reach him regarding the vehicles but received no response. Three to five cars were taken to the salvage yard. The debtor Peisker expressed an interest in the truck, paid Mrs. Adams $150.00, and received in return a bill of sale. Adams had previously been taken to court by the City and fined.

The plaintiff alleges a cause of action pursuant to 11 U.S.C. § 523(a)(2) and (a)(4), the fraud, false pretense and larceny exceptions to discharge based upon a perceived scheme between the debtors and Mrs. Adams to deprive him of his property. While it is true that Mrs. Adams did not hold title to the truck, based upon the circumstances of this case, the court cannot find fraud. Remember, Adams had been cited previously by the City and Mrs. Adams, therefore, was well aware of the seriousness of the City's action when she received this later notification. Further, she attempted to communicate with her husband by letter to advise him of the abandonment.

Peisker purchased the vehicle as much as an accommodation to Mrs. Adams as for himself. Peisker's role here is that of an innocent bystander. The real dispute involves the marital discord between the plaintiff and his wife and not the debtors. Indeed, Mrs. Peisker, a named defendant in this case, was in no way involved in the vehicle transaction. The plaintiff conceded its case against Mrs. Peisker in closing argument, and accordingly, the complaint is dismissed as to her.

Adams' argument that the entire course of fraudulent conduct must be viewed is unpersuasive. The Court finds 11 U.S.C. § 523(a)(4) inapplicable. There was no larceny. Proof under the pertinent provision, 11 U.S.C. § 523(a)(2)(A) must be clear and convincing and that burden has not been sustained. *Brown v. Buchanan*, 419 F.Supp. 199 (E.D.Va.1975). The vehicle was abandoned and the plaintiff had no interest in it. His wife had attempted to inform him of the City's action. The stolen vehicle report was dropped after explanation to the police department. In all this activity, the defendant Peisker made no statements, no reports, no representations to Adams that were false. In fact, no representations were made by Peisker to Adams at all. The facts do not support in any way the cause of action alleged.

■ The Court now turns to the provision of 11 U.S.C. § 523 which permits recovery of costs and attorney's fees. Section 523(d) *mandates* that where a debt sought to be held nondischargeable under § 523(a)(2) is discharged, the court may "... grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust." 11 U.S.C. § 523(d)

In the instant case, the Court can find no special circumstances as contemplated by the statute which would render such an award unjust. On the contrary, the Court finds that the plaintiff was angry with the debtors for, among other things, permitting his wife to live with them and intended by this action to harrass both his wife and the Peiskers. His has been a constant program of harrassment.

This is further supported by the plaintiff's failure to appear to prosecute this matter, much to the surprise of his counsel.

He had a friend call his counsel to advise he would not be there. Upon the elicited testimony and documentary evidence, there appears to be no basis other than harrassment for bringing the action; accordingly, $500.00 attorney's fees and $51.84 costs are assessed against the plaintiff Adams. The debt herein alleged is dischargeable in bankruptcy.

IT IS SO ORDERED.